■ In the Matter of AIDA AUGELLO, Respondent, v. JOHN V. LINDSAY et al., Constituting the Board of Estimate, New York City Employees' Retirement System, Appellants. In the Matter of ANNE T. KWIATKOWSKI, Respondent, v. JOHN V. LINDSAY et al., Constituting the Board of Estimate, New York City Employees' Retirement System, Appellants.— Judgment, Supreme Court, New York County, entered April 26, 1972, in favor of petitioners-respondents, reversed, on the law, and vacated, without costs and without disbursements, the petition dismissed, and respondents' determinations confirmed. This consolidated proceeding under article 78 CPLR was brought by petitioners-respondents, widows of two deceased city·employees and beneficiaries designated in connection with their memberships in respondent-appellant New York City Retirement System. At the time of his death, one of the two decedents had completed 251 days of actual service in his twentieth year of membership in the retirement system, the other, 255 days. The question presented for review is whether the provisions of subdivision b of section B3–5.0 of the Administrative Code, to the effect that the retirement system " shall credit one year for two hundred fifty or more days of service * * * in any calendar year", operates to convert such a described shortened work year into a full twentieth year of service in order to complete the base period of " at least twenty years of allowable service" (Administrative Code, § B3–36.5, subd. e, par. [3]) required for eligibility for retirement. Special Term has interpreted the law in favor of petitioners, i.e., the credit for the twentieth year may be so acquired. It has been held therefore that the decedents' beneficiaries are entitled by operation of the so-called " death gamble" statute (Administrative Code, § B3–36.0, subd. 4, par. [d], cl. [1]) to a " retirement allowance ", larger than the ordinary death benefit paid when death occurs during service, because retirement under the latter section is deemed to have taken place the day before death. We hold to the contrary. The section relied on (§ B3–5.0, subd. b) must be confined to its

particular subject matter: when a period shorter than a year of service may be credited as a year for measure of amount of benefit. It has no bearing upon basic eligibility which is covered in another section (§B3–36.5, subd. e, par. [3]) and does not come into play until the requirements of the latter section have been satisfied. The former section cannot be taken out of context but must be read in the light of the latter, which deals specifically with the subject of eligibility. (See *Matter of Keane* v. *Leary,* 34 A D 2d 771, affd. 29 N Y 2d 713.) It has always been so interpreted by the officials of the retirement system, and such an administrative ruling is to be accorded great weight, indeed almost that of a judicial pronouncement. (*People ex rel. Williams* v. *Dayton,* 55 N. Y. 367, 378; *Matter of Kolb* v. *Holling,* 285 N. Y. 104, 112; *Matter of Travel House of Buffalo* v. *Grezechowiak,* 31 A D 2d 74, 80.) In this connection, it must be recognized that actuarial considerations necessitate that provisions governing the dividing line defining eligibility are not to be lightly cast aside or violence to the whole actuarial structure must eventuate by operation of the laws of mathematics. Concur — Markewich, J. P., Kupferman and Tilzer, JJ.; Nunez and Murphy, JJ., dissent and vote to affirm on the opinion of Gellinoff, J., at Special Term.